**GENERAL DISTRICT COURT ARLINGTON AND FAIRFAX, VIRGINIA**

Case No. 1805524900  Tracking No. 059GM1700019053   Criminal Division
        1805525200               059GM1700019054
        1805525400               059GM1700019055   Charge: Computer Harass
        1805525500               059GM1700019056
        1805525600               059GM1700019057

Commonwealth of Virginia vs. John J. Buckshaw, Defendant
2111 Wilson Blvd., Arlington, Virginia 22201  (800) 793-4237
 "www.suas.20fr.com" "company.dispute@gmail.com"

## MOTION TO RETURN SEIZED PROPERTY AND TO SUPPRESS EVIDENCE OF A LAPTOP COMPUTER FROM THE POLICE PROPERTY AND EVIDENCE SECTION

**COMES NOW,** John J. Buckshaw, the defendant, an executive director of a corporation de facto for the purpose of promotional products and general advertising sales (actually the victim of the affiants, Manuel Capsalis, Deputy Town Attorney, Herndon, Virginia, office at 2300 Clarendon Blvd. Arlington Courthouse and his failure to act, perform required duties and obtain relief from criminal offenses including unfair trade practices, simulation of notices and lien, theft of trade secrets and who is continuing to fail to obtain restitution of $5,000 contract price paid at a self storage facility to store property from 2004 through 2008, monthly late fees and not to steal the property and abused process with willful intent to aid and abet unfair claims settlement practices where the claims were admitted to a complaint which was filed in the office of consumer protection in 2008 and then denied in court in 2010 and is aiding and abetting abuse of process in 2011 with false statements of telephone language to collect said debts) and request that this court grant the herein pretrial motion to dismiss defective proceedings charging harassment by a computer where the warrant does not state any facts and is a verbatim citation of the state statute, the court is without jurisdiction with

no notice on the record against sending email in business, debt collection and litigation against the affiant, Manuel Capsalis and Lisa Mayne and the state statute is unconstitutional without a requirement for a notice to be specified by any information charging said offense, and the defendant request release of the defendant's laptop computer from evidence which should be suppressed and represents as follows:

1. The defendant is a victim of unfair claims settlement practices and willful failure to compromise and settle claims for $10,000,000 damages pending against Security Public Storage, Herndon, Virginia, Arlington County and Fairfax Counties as a result of breach of contract, abuse of process and false imprisonment, extortionate interception of electronic communication, abuse of process with false accusations of computer harassment respective to email of private and privileged communication in business, debt collection and litigation.

2. The defendant is actually the victim of extortionate simulation of notices of a lien, illegal public sales at company warehouses on March 5, 2008 and on March 20, 2018, extortionate arrest warrants with false statements of telephone language and computer harassment which was used to obtain bail bond and to wrongfully detain a laptop computer used at night in the 24 hour McDonald's restaurant in Crystal City in bad faith and not in bona fide.

3. The defendant respectfully requests that this court grant the herein motion and release the defendant's laptop computer, software and date from the police property and evidence section and to suppress evidence of storage electronic communication for relief from deprivation of rights to privacy, due process of law and the effectiveness assistance of counsel.

**WHEREFORE**, the defendant requests that this court grant the foregoing motion and enter orders to release the defendant's laptop computer, software and data from the police property and evidence section and to suppress evidence of computer harassment which was obtained in violation of the Constitution of the United States, Amend. I…rights to freedom of speech…Amend. IV…rights to privacy and private and privileged communication…Amend. V…rights to due process of law…and detect and prosecute actors in violation of illegal interception, disclosure and use of communication…Amend. Vi…rights to the effectiveness assistance of counsel…Amend. VIII…rights against crueal and unusual punishments and against excessive bail…Amend. XIII…rights against involuntary servitude…and Amend. XIV…rights against loss of liberty without due process of law…

Dated: September 14, 2020

*John J. Buckshaw*
_____
John J. Buckshaw, Defendant

## GENERAL DISTRICT COURT ARLINGTON AND FAIRFAX, VIRGINIA

Case No. 1805524900  Tracking No. 059GM1700019053     Criminal Division
        1805525200                     059GM1700019054
        1805525400                     059GM1700019055     Charge: Computer Harass
        1805525500                     059GM1700019056
        1805525600                     059GM1700019057

Commonwealth of Virginia vs. John J. Buckshaw, Defendant
                              2111 Wilson Blvd. Arlington, Virginia 22201
                              "www.suas.20fr.com" "company.dispute@gmail.com"
                              (800) 793-4237

### BRIEF

**Code of Virginia, Section 18.2-152.7:1**. Harassment by computer; penalty.

If any person, with the intent to coerce, intimidate, or harass any person, shall use a computer or computer network to communicate obscene, vulgar, profane, lewd, lascivious, or indecent language, or make any suggestion or proposal of an obscene nature, or threaten any illegal or immoral act, he is guilty of a Class 1 misdemeanor. A violation of this section may be prosecuted in the jurisdiction in which the communication was made or received or in the City of Richmond if venue cannot otherwise be established and the person subjected to the act is one of the following officials or employees of the Commonwealth and such official or employee was subjected to the act while engaged in the performance of his public duties or because of his position with the Commonwealth: the Governor, Governor-elect, Lieutenant Governor, Lieutenant Governor-elect, Attorney General, or Attorney General-elect, a member or employee of the General Assembly, a justice of the Supreme Court of Virginia, or a judge of the Court of Appeals of Virginia.

**WHEREAS,** the victim is Manuel "Manny" Capsalis, Deputy Town Attorney, Herndon, Virginia.

**Code of Virginia, Section 19.2-266.2**. Defense objections to be raised before trial…

A. Defense motions or objections seeking

(i) suppression of evidence on the grounds such evidence was obtained in violation of the provisions of the Fourth, Fifth or Sixth Amendments to the Constitution of the United States…or (iii) dismissal of a warrant, information, or indictment or any count or charge thereof on the ground that a statute upon which it was based is unconstitutional shall be raised by motion or objection.

D. In a criminal proceeding in district court, any motion or objection as described in subsection A may be raised prior to or at such proceeding. In the event such a motion or objection is raised, the district court shall, upon motion of the Commonwealth grant a continuance for good cause shown.

**Code of Virginia, Section 19.2-60. Motion for return of seized property and to suppress.**

A person aggrieved by an allegedly unlawful search or seizure may move the court to return any seized property and to suppress it for use as evidence. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted by a court of record, any seized property shall be restored as soon as practicable unless otherwise subject to lawful detention, and such property shall not be admissible in evidence at any hearing or trial. If the motion is granted by a court not of record, such property shall not be admissible in evidence at any hearing or trial before that court, but the ruling shall have no effect on any hearing or trial in a court of record.

1. The defendant was arraigned on March 12, 2018 on the following:

   "That on 9/12/2016, 10/05/2016, 01/30/2017, 03/04/2017 and on 03/16/2017 in Fairfax County, Virginia, the defendant sent email respective to privileged communication for pleadings in business, debt collection and litigation of failure of the assistant town attorney (Manuel Capsalis) to act and obtain restitution and claims for damages as a result of unfair and deceptive trade practices at a self storage facility in Bethesda, Maryland operated from in Herndon, Virginia in 2008 to obtain restitution of $5,000 contract price after breach of the contract, $30,000 damages to compensate for the value of lost property and $10,000,000 to compensate for breach of contract not to harass the owner of the property, breach of contract to store property and breach of contract not to steal the property.

2. In 2018, on March 10, the defendant had been falsely arrested in McDonalds's Restaurant in Arlington County and falsely imprisoned in Fairfax County with false accusations of computer harassment respective to private and privileged

>communication in business, debt collection and litigation the foregoing debts owed to the defendant for which the defendant demands damages in the amount of twenty million dollars ($20,000,000).

**Code of Virginia, Section 19.2-62.** Interception, disclosure, etc., of wire, electronic or oral communications unlawful; penalties; exceptions.

A. Except as otherwise specifically provided in this chapter any person who:

1. Intentionally intercepts, endeavors to intercept or procures any other person to intercept or endeavor to intercept, any wire, electronic or oral communication;

2. Intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical or other device to intercept any oral communication;

3. Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, electronic or oral communication knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication; or

4. Intentionally uses, or endeavors to use, the contents of any wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication; shall be guilty of a Class 6 felony.

2. It shall not be a criminal offense under this chapter for a person to intercept a wire, electronic or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

**Code of Virginia, Section 19.2-65**. When intercepted communications and evidence derived therefrom not to be received in evidence.

Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing or other proceeding in or before any court, grand jury, department, officer, commission, regulatory body, legislative committee or other agency of this Commonwealth or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.

**Code of Virginia, Section 19.2-67.** Disclosure of information obtained by authorized means.

A. Any investigative or law-enforcement officer, or police officer of a county or city, who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire, electronic or oral communication, or evidence derived therefrom, may disclose such contents to another investigative or law-enforcement officer, or police officer of a

county or city, to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

B. Any investigative or law-enforcement officer or police officer of a county or city, who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire, electronic or oral communication or evidence derived therefrom may use such contents to the extent such use is appropriate to the proper performance of his official duties.

C. Any person who has received, by any means authorized by this chapter, any information concerning a wire, electronic or oral communication, or evidence derived therefrom intercepted in accordance with the provisions of this chapter may disclose the contents of that communication or such derivative evidence while giving testimony under oath or affirmation in any criminal proceeding for an offense specified in § 19.2-66, or any conspiracy or attempt to commit the same, in any court of the United States or of any state or in any federal or state grand jury proceeding.

D. No wire, electronic or oral communication which is a privileged communication between the parties to the conversation which is intercepted in accordance with, or in violation of, the provisions of this chapter shall lose its privileged character, nor shall it be disclosed or used in any way.

**WHEREAS, the electronic communication is privileged communication between the parties in the aggrieved party's business, debt collection and litigation.**

E. When an investigative or law-enforcement officer, or police officer of a county or city, while engaged in intercepting wire, electronic or oral communications in the manner authorized herein, or observing or monitoring such interception intercepts, observes or monitors wire, electronic or oral communications relating to offenses other than those specified in the order of authorization, the contents thereof, and evidence derived therefrom, shall not be disclosed or used as provided in subsections A, B and C of this section, unless such communications or derivative evidence relates to a felony, in which case use or disclosure may be made as provided in subsections A, B and C of this section. Such use and disclosure pursuant to subsection C of this section shall be permitted only when approved by a judge of competent jurisdiction where such judge finds, on subsequent application, that such communications were otherwise intercepted in accordance with the provisions of this chapter…

**WHEREAS, the evidence does not relate to a felony, computer harassment is a misdemeanor.**

**Code of Virginia, Section 18.2-59** Extortion of money, property or pecuniary benefit.

Any person who (i) threatens injury to the character, person, or property of another person, (ii) accuses him of any offense…and thereby extorts money, property…is guilty of a Class 5 felony.

**Code of Virginia**, **Section 18.2-152.3** Computer fraud; penalty

Any person who uses a computer…without authority and…2…commits larceny; or 3. Converts the property of another is guilty of computer fraud…punishable as a Class 5 felony…

**Code of Virginia, Section 18.2-152.4** Computer trespass, penalty…9. Install or cause to be installed on the computer of another, computer software for the purpose of (i) taking control of that computer…

**Code of Virginia, Section 18.2-152.5** Computer invasion of privacy, penalties… A person is guilty of the crime of computer invasion of privacy when he uses a computer…and intentionally examines without authority any…information…is guilty of a class 6 felony…

**Code of Virginia, Section 18.2-152.8** Property capable of embezzlement… 1. Computers…computer data…computer software and all other personal property…tangible and intangible…

**Code of Virginia, Section 152.8** Property capable of embezzlement

For purposes of Section 18.2-95, 18.2-96….personal property subject to embezzlement, larceny, or receiving stolen goods shall include:

1. Computers and computer networks…Financial instruments, computer data, computer programs, computer software and all other personal property…

**Code of Virginia, Section 18.2-95.** Grand larceny defined; how punished.

Any person who (i) commits larceny from the person of another of money or other thing of value of $5 or more, (ii) commits simple larceny not from the person of another of goods and chattels of the value of $500 or more, or (iii) commits simple larceny not from the person of another of any firearm, regardless of the firearm's value, shall be guilty of grand larceny, punishable by imprisonment in a state correctional facility for not less than one nor more than 20 years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding 12 months or fined not more than $2,500, either or both.

**WHEREFORE,** the defendant requests that this court grant the foregoing motion and enter orders for release of the laptop computer from the police property and evidence section to the defendant and suppress evidence of computer harassment and to dismiss defective proceedings which where instituted in violation of the Constitution of the United States and by an unconstitutional state statute charging harassment by computer.

Dated: September 14, 2020

*John J. Buckshaw*
_____

John J. Buckshaw

## GENERAL DISTRICT COURT ARLINGTON AND FAIRFAX, VIRGINIA

Case No. 1805524900   Tracking No. 059GM1700019053   Criminal Division
        1805525200           059GM1700019054
        1805525400           059GM1700019055   Charge: Computer Harass
        1805525500           059GM1700019056
        1805525600           059GM1700019057

Commonwealth of Virginia vs. John J. Buckshaw, Defendant
                              2111 Wilson Blvd. Arlington, Virginia 22201
                              "www.suas.20fr.com" "company.dispute@gmail.com"
                              (800) 793-4237

## VERIFICATION

I, John J. Buckshaw, hereby verify that the statements made are true and correct to the best of my personal knowledge information and belief subject to the penalties of false statements.

Dated: September 14, 2020

                                        *John J. Buckshaw*
                                        John J. Buckshaw

GENERAL DISTRICT COURT ARLINGTON AND FAIRFAX, VIRGINIA

Case No. 1805524900  Tracking No. 059GM1700019053   Criminal Division
        1805525200                   059GM1700019054
        1805525400                   059GM1700019055   Charge: Computer Harass
        1805525500                   059GM1700019056
        1805525600                   059GM1700019057

Commonwealth of Virginia vs. John J. Buckshaw, Defendant
                                 2111 Wilson Blvd. Arlington, Virginia 22201
                                 "www.suas.20fr.com" "company.dispute@gmail.com"
                                 (800) 793-4237

## PROOF OF SERVICE

I, John J. Buckshaw, hereby verify that I have served a copy of the foregoing motion for release of property and to suppress evidence and to dismiss defective proceedings on the police and Commonwealth of Virginia by electronic means via email and fax.

Commonwealth's Attorney

casey.lingan@fairfaxcounty.gov

Fairfax County Police, Warrants,
Property and Evidence Section

fcproperty@fairfaxcounty.gov
fcwarrants@fairfaxcounty.gov

Dated: September 14, 2020

                                                            *John J. Buckshaw*
                                                            John J. Buckshaw